# EXHIBIT 2

# BRUCE R. BAIRD PLLC

## ATTORNEY AND COUNSELOR

2150 SOUTH 1300 EAST, FIFTH FLOOR
SALT LAKE CITY, UTAH 84106
TELEPHONE (801) 328-1400
BBAIRD@DIFFICULTDIRT.COM

May 25, 2021

VIA EMAIL ONLY - adober@fdic.gov

Andrew Dober
Counsel, FDIC Legal Division
3501 Fairfax Drive
Arlington, VA 22226

   **RE:** *Touhy* **Request for Deposition/Testimony from FDIC Employees**

Mr. Dober,

  This letter is with regard to my client America West Bank Members, L.C. ("AWBM") and AWBM's need to depose certain FDIC employees or former employees. Per our recent email discussion, we are providing you with the following *Touhy* request to identify and request authorization for the following current or former FDIC officers, directors, employees, or agents to appear and testify regarding information or documents which relate to their examination or oversight of America West Bank (the "Bank"), most imminently at a deposition to be scheduled at a mutually convenient time, but also potentially at a judicial hearing or proceeding at some future date:

  Michael J. Archuleta

  Eric Bond

  Ryan Brookhart

  J. George Doerr

  Darren R. Ewell

  Scott Fleming

  Nicholas Fry

  JoAnna Gekas

  Jim Graph

  Nancy Hall

  Nathan Heizer

  Joseph Hull

Mr. A. Dober
May 25, 2021
Page 2

- Stan Ivie
- Reid Judd
- Doug Jones
- Kenneth J. Justice
- Tim Lacke
- Thomas Murray
- Michael Nebeker
- Rafael Nives
- Pat Pittman
- David Promani
- William C. Ratcliff
- Donald Smith
- Kelly Thornton
- Thomas Quam
- Michael Quarry
- Wade Walker

While the subject of the depositions will include any matters of which the witness has personal knowledge, and responsive to 12 C.F.R. 309.6(b)(8)(i)[1]:

<u>Specification of the information sought with reasonable particularity</u>

Knowledge regarding Reports of Examination for the Bank, and in particular for 2006, 2007, 2008, and 2009.

Knowledge or understanding as to the objective of the examinations of the Bank and any special instructions regarding the examinations of the Bank.

Communications with employees, officers, or representatives of the Bank regarding the examination or regulation of the Bank.

Communications with employees, officers, or representatives of the Bank regarding the Bank's capital, efforts to raise capital, results of efforts to raise capital, and potential outcomes for the Bank from efforts to raise capital.

Methods and methodologies employed during the examinations of the Bank.

Identity of FDIC officers or employees the individual reported to or received direction from in relation to the examinations or regulation of the Bank.

---

[1] "Such request shall specify the information sought with reasonable particularity and shall be accompanied by a statement with supporting documentation showing in detail the relevance of such exempt information to the litigation, justifying good cause for disclosure, and a commitment to be bound by a protective order."

2

Mr. A. Dober
May 25, 2021
Page 3

Authentication and location of documents and records regarding examinations or regulation of the Bank.

To the extent not included above, the personal knowledge of each witness, as to those seventeen (17) topics identified to the FDIC in Exhibit A to the "Subpoena and Part 309 '*Touhy*' Request" previously served on the FDIC.

<u>Statement with Supporting Documentation Showing in Detail the Relevance of Such Information to the Litigation and Justifying Good Cause for Disclosure</u>

You have previously been provided with various documents filed in this matter, including the Second Amended Complaint and various Court orders, and in particular the Court's *Memorandum Decision and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss*. In that Order, the Court ruled that the nature of the allegations in the Second Amended Complaint are such as would, if proved, constitute valid causes of action for violation of Procedural and Substantive Due Process and in the alternative a potential violation of the Takings Clause.

Plaintiff has alleged, among other things, that the seizure of the Bank was politically motivated, that the Bank was being targeted, and that the seizure of the Bank was not justified. Plaintiff has alleged that the examinations of the Bank, which were led by the FDIC and its examiners between 2007 and 2009, were relied upon to justify the seizure of the Bank. However, Plaintiff has also alleged that these reports of examination were manipulated to show the Bank was failing or about to fail when it was not. And, that they did not reflect the actual financial condition of the Bank at the time, which was much better than, or at least similar to, that of other banks which were not declared failures or seized. Plaintiff has alleged that these FDIC led examinations were conducted with ulterior, political motives driven by a predetermination made by the FDIC to shut down the Bank.

At the same time, the Bank was raising capital at the urging of the regulators, and succeeded in bringing in significant additional capital into the Bank under assurances that doing so would allow the Bank to enjoy continued success. As those capital-raising efforts continued, the Bank also made all possible attempts to reconcile disagreements with the examiners as to the methodologies imposed in the examination of the Bank, but without success.

The nature of the change of methodology was such that Bank assets were severely undervalued, causing the Bank's financial position to appear much weaker than it truly was. The results of the imposition of this methodology then purported to give the FDIC and UDFI justification to impose additional restrictions on the Bank, ultimately leading to the UDFI seeking and obtaining an order of possession, taking possession of the Bank and its assets, and transferring those assets to the FDIC as receiver.

Furthermore, Defendants in this matter have raised several defenses that must also be addressed during discovery. For example, the Defendants have taken the position that the Bank was in fact failing, critically undercapitalized, and that the FDIC-led examinations

3

Mr. A. Dober
May 25, 2021
Page 4

in 2007, 2008 and 2009 prove this. Consequently, the Defendants' defenses in this case have also made the topics cited above relevant to this case.

Accordingly, the information sought through testimony is directly related to the allegations of the Second Amended Complaint, which are necessary in order to prove the causes of action asserted thereunder. Those individuals identified above are believed to have personal knowledge regarding these relevant facts, and were identified based on our review of documents disclosed to date in the lawsuit as being persons most likely to have that information. AWBM understands and believes that there are no other persons similarly situated from which this information may be obtained. Accordingly, AWBM's need for the information is substantial. AWBM's need for the requested deposition testimony also outweighs the burden of producing the deponents. We will also seek to limit the burden of depositions on FDIC employees after we have the opportunity to review previously-requested documents and determine which FDIC employees' depositions are necessary.

<u>Commitment to be Bound by a Protective Order</u>

A protective order is in place in this case, and AWBM confirms its willingness to be bound by a protective order.

Inasmuch as there is limited time remaining in the case for fact discovery, your prompt response and cooperation is requested. I am available at your convenience to coordinate the timing of the depositions.

                                            Very truly yours,

                                            Bruce R. Baird

cc:    Durbano Law Firm