# EXHIBIT 3



**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive, Arlington, VA 22226-3500                                                                      Legal Division

June 11, 2021

*By Electronic Mail*

Bruce Baird
Bruce R. Baird PLLC
2150 South 1300 East, Fifth Floor
Salt Lake City, Utah 84106
bbaird@difficultdirt.com
(801) 328-1400 (o)

      Re:   *Touhy* Request for Deposition Testimony of Twenty-Eight Current or Former FDIC Employees; America West Bank Members, L.C. v. Utah Department of Financial Institutions, Case No. 2:16-cv-00326 (D. Utah)

Dear Mr. Baird:

      This responds to your May 25, 2021 request to the Federal Deposit Insurance Corporation ("FDIC"), in the above captioned case between your client, the former bank holding company known as America West Bank Members, L.C. ("AWBM"), and the Utah Department of Financial Institutions ("UDFI"). The request seeks the deposition testimony of twenty-eight current or former FDIC personnel and asks for the FDIC to make a determination on an expedited basis (*"Touhy* Request"). The FDIC is not a party to this litigation. On May 3, 2021, AWBM sought leave to file a Third Amended Complaint ("TAC") naming the FDIC, in its Corporate Capacity, and in its capacity as Receiver for America West Bank ("AWB" or "Bank") as parties to this litigation. That motion is pending. A hearing on the motion is scheduled for June 21, 2021. This serves as the FDIC's formal response to your May 25, 2021 *Touhy* Request. As set forth in detail below, your request is denied.

<u>*Prior Subpoenas and Touhy Requests Directed at the FDIC*</u>

      Previously in this case, plaintiff has served subpoenas and *Touhy* requests upon the FDIC calling for the production of 11 categories of records and seeking a 30(b)(6) deposition on seventeen topics. The document subpoena sought all records pertaining to the failed Bank in FDIC-Corporate or FDIC-Receiver's possession over a 14-year time period, from January 1, 2000, through December 31, 2014. The FDIC produced 347 documents (2,566 pages) that focused on communications between itself, UDFI and the Bank in the 18-month period leading up to the Bank's failure. This request is the subject of a pending motion to compel. The document request and the motion to compel assert that all records in FDIC-Corporate's or FDIC-Receiver's possession are relevant because they may prove or disprove that UDFI acted arbitrarily and capriciously in petitioning a state court to close the Bank.

1



**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive, Arlington, VA 22226-3500                                                                                    Legal Division

---

The topics in the 30(b)(6) requests included everything about the examination or supervision of the Bank between 2007 and 2009, everything about the closure of the Bank, the FDIC's "chain of command," "why the [B]ank's efforts to raise capital were restricted, rejected and/or prohibited by the FDIC," FDIC "policy" between 2005 and 2009 Bank assets, brokered deposits, asset concentration levels, real estate lending practices and the "member banking" business concept. The topics also included examination agreements between the FDIC and UDFI, the Consent Order stipulated to by the Bank in 2008, the Purchase & Assumption agreement with Cache Valley Bank, damages suffered by the FDIC, the Troubled Asset Relief Program ("TARP") and the chain of custody for any document relating to any of the topics.

With respect to all seventeen topics, the *Touhy* Request stated: "This topic is relevant to prove or disprove the Plaintiff's claims that the Bank was seized arbitrarily." The FDIC denied the request and plaintiff has moved to compel compliance.

*Overview of the Lawsuit and Prior Proceedings*

On May 1, 2009, AWB failed and the FDIC was appointed receiver for the Bank. AWB was one of 140 banks that failed in 2009 and one of close to 500 banks that failed between 2008 and 2012. *See* https://www.fdic.gov/bank/historical/bank/. Six of the failed banks were based in Utah. https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/. All were closed in the same manner, following the same procedure and the FDIC was appointed as receiver for each institution.

Plaintiff initiated this litigation in June 2011 in Utah state court. A motion to dismiss followed, and in 2012, the Utah trial court dismissed the entire case with prejudice. After plaintiff appealed, the Supreme Court of Utah, in 2014, ruled that certain of the causes of action should have been dismissed without prejudice. Plaintiff replead the lawsuit and added federal claims. Defendant removed the case to federal court and again moved to dismiss on Rule 12(b)(1) and Rule 12(b)(6) grounds. On February 6, 2018, the federal district court granted the motion to dismiss the breach of contract claims, denied the motion to dismiss the due process claims, and ordered plaintiff to replead and clarify whether it was asserting a regulatory or physical takings claim. Plaintiff replead again and moved for summary judgment on its due process and Section 1983 claim. On April 2, 2020, the district court denied the motion for summary judgment. In its opinion, the Court held that "due process did not require a pre-deprivation hearing so long as the Bank was afforded the opportunity for a post-deprivation hearing," and found that the Bank "waived any possible procedural due process violation claim" by failing to challenge the state court order. SJ Op. at *17-18, No. 16-cv-326, 2020 WL 1644230 (D. Utah Apr. 2, 2020). The Court noted that, based on the facts presented, the Utah Defendants "had a legitimate basis to seek a petition for possession of the Bank[]" and that the substantive due process claim "appears to be tied to Judge Morris' decision not to allow the Bank to attend the May 1, 2009 hearing," and found any such claim barred by the *Rooker-Feldman* doctrine." *Id.* at *17-18. Your *Touhy* Request did not address this Court's summary judgment opinion.

2



**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive, Arlington, VA 22226-3500                                                                                                   Legal Division

On May 4, 2021, plaintiff filed a proposed Third Amended Complaint seeking to name the FDIC in its Corporate Capacity and its Capacity as Receiver for America West Bank as well as a former FDIC examiner, Pat Pittman as defendants. Your *Touhy* Request does not address the proposed Third Amended Complaint or the fact that you are seeking to sue FDIC-Corporate, FDIC-Receiver, a former FDIC examiner, and unnamed "FDIC Individual Defendants" at the same time you are seeking deposition testimony from the twenty-eight individuals.

### *The Touhy Request*

In the *Touhy* Request, you assert that the FDIC should authorize twenty-eight current or former FDIC employees to testify regarding information or documents that relate to their examination, or oversight of America West Bank, or at a judicial hearing or proceeding at some future date. *Touhy* Request at 1. Moreover, the documents incorporated in the *Touhy* Request — such as the operative Complaint and the summary judgment opinion — appear to reference only four of the twenty-eight listed individuals.[1]

The *Touhy* Request indicates the individuals may be examined regarding their knowledge of Reports of Examination from 2006-2009, their knowledge or understanding as to the objectives of the examinations of the Bank, their communications with employees of the Bank regarding its efforts to raise capital, the identity of individuals that the twenty-eight individuals reported to or received direction from in relation to their examinations or regulation of the Bank, and the authentication and location of documents and records regarding examinations of the Bank. *Touhy* Request at 2-3. The *Touhy* Request also states the individuals may be examined on their personal knowledge of any of the seventeen 30(b)(6) topics described above.

The *Touhy* Request also states that plaintiff has alleged that the seizure of the Bank was "politically motivated," that the Bank was being "targeted" and that the seizure "was not justified." Although plaintiff claimed "political motivation" and "targeting" in the operative complaint, it introduced no evidence to support its assertions in its motion for summary judgment nor has it done so in the *Touhy Request*. Plaintiff states that it has alleged that the examinations of the Bank were led by the FDIC and its examiners between 2007 and 2009 and were relied upon to justify the "seizure" of the Bank and were "manipulated to show the Bank was failing or about to fail when it was not." Plaintiff introduced no evidence to support these assertions in its motion for summary judgment nor has it done so in this *Touhy Request*. Plaintiff also states it has "alleged" that the Reports of Examination did not accurately reflect the financial condition of the Bank and that the FDIC examinations were "conducted with ulterior, political motives...." *Touhy* Request at 3. Plaintiff has not explained the "political motives," nor has it introduced evidence to support these assertions in its motion for summary judgment, or in its *Touhy* Request.

According to the Request, the Bank "made all possible attempts to reconcile disagreements with the examiners as to the methodologies imposed in the examination of the

---

[1] The four listed individuals are discussed in more detail below. *See infra* § 7.

3


**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive, Arlington, VA 22226-3500                                                          Legal Division

Bank, but without success." *Touhy* Request at 3. Plaintiff introduced no evidence to support these assertions in its motion for summary judgment nor has it done so in this *Touhy* Request.

The *Touhy* Request also asserts that relevance and good cause are demonstrated by the fact that the defendants have raised the defense that the Reports of Examination were accurate, were shared with the Bank at the time of issuance and were never objected to by the Bank itself. *Touhy* Request at 3-4. According to plaintiff—a shareholder of the Bank—its allegations about the Reports of Examination creates a triable issue of fact even though plaintiff is a shareholder and the Bank itself never objected to the accuracy of the Reports of Examination.

The *Touhy* Request concludes by stating that the individuals identified "are believed to have personal knowledge regarding these relevant facts" and were identified based on plaintiff's review of documents disclosed in the lawsuit as persons most likely to have the information and there are no other persons similarly situated from which this information may be obtained and the need is substantial and outweighs the burdens of producing the deponents. *Touhy* Request at 4. The *Touhy* Request does not identify or discuss any specific documents nor does it differentiate between any of the twenty-eight listed individuals.

### *FDIC Regulations*

The FDIC is not, at present, a party to litigation concerning the subjects of these requests. In order for the FDIC to provide testimony in third party litigation, written authority is required from the FDIC General Counsel, or designee, pursuant to the FDIC's *Touhy* regulation, 12 C.F.R. § 309.6 (Part 309). Under Part 309, the FDIC must evaluate whether your *Touhy* Request specifies the information sought with reasonable particularity. 12 C.F.R. § 309.6(b)(8)(i). This "reasonable particularity" requirement is analogous to similar requirements under Fed. R. Civ. P. 34(b)(1)(A) (the request "must describe with reasonable particularity each item or category of items to be inspected") and the Freedom of Information Act, 5 U.S.C. § 552(a)(3)(A)(i) (requests must reasonably describe the records requested). As a threshold matter, in order for the FDIC to authorize testimony pursuant to Regulation 309, the requester must first demonstrate that the testimony is necessary to the litigation as required under Part 309.

If the testimony is deemed necessary, the General Counsel may authorize testimony based upon findings that: (1) it is relevant to the matter in litigation; (2) good cause justifies the testimony; and (3) the parties have agreed to be bound by a protective order that adequately protects the interests of the FDIC, the depository institution and third parties. 12 C.F.R. § 309.6(b)(8)(i). In addition, the General Counsel may limit the scope of any testimony to issues that he determines are relevant to the proceeding and permit such release only upon fulfillment of whatever conditions he determines are necessary. 12 C.F.R. § 309.6(b)(8)(ii).

### *Evaluation of Touhy Requests*

1. The *Touhy* Request does not address the fact that plaintiff has filed a motion to amend seeking to name FDIC-Corporate, FDIC-Receiver, a former FDIC Bank Examiner and twenty other unnamed FDIC officers or employees as defendants.

4



**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive, Arlington, VA 22226-3500                                                                                       Legal Division

---

On May 4, 2021, plaintiff sought leave to file a third amended complaint naming FDIC-Corporate, FDIC-Receiver, and a former FDIC bank examiner, Pat Pittman, as a defendant in this action. The proposed complaint broadly alleges that they deprived the bank holding company of due process, engaged in a regulatory and physical taking, and that the former FDIC examiner acted under color of state law while depriving the bank holding company of due process. ECF 89. It also names "additional FDIC officers or employees not yet identified but named here as John Does 1-20." ECF 89-1 at 2. The TAC refers to Mr. Pittman, along with any other FDIC officers or employees found to have acted in concert with him, as the "FDIC Individual Defendants." *Id.* ¶ 7. The unidentified "FDIC Individual Defendants" are then referenced in sixteen paragraphs in the TAC. *See Id.* ¶¶ 96-111 ("Commissioner Leary, and upon information and belief the FDIC Individual Defendants acting in concert with him...").

We have previously explained that it is not appropriate to seek third-party discovery from a non-party in order to develop claims against that non-party. *See* March 23, 2021 FDIC Correspondence. *See* Fed. R. Civ. P. 26(b)(1), 2000 Advisory Committee Notes (the rule "signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."); *Meta v. Target Corp.*, No. 15-MC-050, 2015 WL 7459981, at *2 (E.D. Wis. Nov. 24, 2015) (quashing third-party subpoena aimed at developing future claims against the third party); *Braxton v. Heritier*, No. 14-cv-12054, 2015 WL 5123613, at *2 (E.D. Mich. Aug. 31, 2015) (rejecting discovery that was intended to "explore a possible claim against [a] non-party...."); *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-cv-6469, 2011 WL 830624, at *1-2 (S.D.N.Y. Mar. 9, 2011); *In re Am. Kidney Fund, Inc.*, No. CV TDC-17-1787, 2019 WL 1894248, at *7 (D. Md. Apr. 29, 2019) ("United declined to name AKF as a party to the Florida Litigation .... Discovery is guided by relevance to the claims and defenses in the underlying litigation; it is not to be used for fishing expeditions ....").

We have also asked that you identify discovery requests that are directly relevant to your claims against existing defendants, rather than propounded to gather information for your anticipated claims against the FDIC and its current and former employees. *See* March 3, 2021 FDIC Correspondence at 1-2. You have never done so and, once again, do not do so in your present *Touhy* Request.

I therefore deny your *Touhy* Request based on your failure to address your motion to amend or whether any of the requested deponents are among the "FDIC Individual Defendants" identified in your proposed complaint. The lack of any specific information about any individual on the list and your 30(b)(6) topics further indicate to me that the depositions are likely for the purpose of asserting claims against these individuals, not solely for seeking information about your existing lawsuit.

   2. The *Touhy* Request Does Not Provide Any Specific Information About Any of the Individuals Listed.



**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive, Arlington, VA 22226-3500                                                                                   Legal Division

---

You first contacted the FDIC about seeking witness testimony in November 2020. *See* ECF 87-3. At that time, you were informed of the need to follow FDIC *Touhy* regulations and were asked to provide names of the individuals that plaintiff wanted to contact, and were told that you needed to provide specific information with respect to each individual. *Id.* Neither a *Touhy* request nor the names of individuals you sought to depose were provided until May 17, 2021 when you provided FDIC counsel with a Notice of Subpoena listing thirteen individuals for depositions and proposed to FDIC counsel that the FDIC stipulate it would not authorize the testimony of any witness while plaintiff's motion to amend the complaint to name FDIC-Corporate, FDIC-Receiver, and a former FDIC examiner is pending. FDIC counsel informed you that the FDIC would not make a categorical statement with respect to witness testimony and that its policy, as set forth in its regulations, requires any request for third-party testimony to go through the agency's *Touhy* procedures.

Your Request states that the individuals "were identified based on our review of documents disclosed to date in the lawsuit as being persons most likely to have that information[,]" *Touhy* Request at 4, but does not identify a single document that forms the basis for that statement or state which witness has relevant information about which topic. Instead of identifying information specific to any one witness, your request treats twenty-eight individuals as one person, summarily states that they have relevant information, and summarily states that the need for the testimony outweighs what would be a substantial burden on the agency. *Id.* at 4.

*Touhy* regulations serve important governmental purposes and they necessarily place the onus on the requesting party to provide the agency with the information it needs so that it is not guessing as to who the individuals are and what role, if any, they play in the lawsuit. *See Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) (courts "must properly accommodate the government's serious and legitimate concern that its employee resources not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations" (quoting *Exxon Shipping Co. v. Dep't of the Interior*, 34 F.3d 774, 779 (9th Cir. 1994))). Your Request requires that the FDIC speculate as to what role you think these twenty-eight people have in your lawsuit and to review thousands of documents in an effort to guess as to which ones you think tie these individuals to the case. For these reasons, your *Touhy* Request is also denied.

### 3. The Request Does Not Address the Summary Judgment Opinion in the Case

Your *Touhy* Request cites the Court's decision on the motion to dismiss, but does not address the Court's summary judgment opinion which followed the motion to dismiss and examined evidence in the case.

In its April 2, 2020 opinion, the Court held that "due process did not require a pre-deprivation hearing so long as the Bank was afforded the opportunity for a post-deprivation hearing," and found that the Bank "waived any possible procedural due process violation claim" by failing to challenge the state court order. SJ Op. at *17-18, 2020 WL 1644230. The Court noted that, based on the facts presented, the Utah Defendants "had a legitimate basis to seek a



**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive, Arlington, VA 22226-3500                                                                                                    Legal Division

petition for possession of the Bank[]" and that the substantive due process claim "appears to be tied to Judge Morris' decision not to allow the Bank to attend the May 1, 2009 hearing," and found any such claim barred by the *Rooker-Feldman* doctrine." *Id.* at *17-18. These holdings effectively dispose of Count I (procedural due process); II (substantive due process); and III (§1983). Even if there was a basis to seek the depositions requested prior to the summary judgment opinion, you have not demonstrated the necessity of their testimony or good cause in light of the summary judgment opinion. 12 C.F.R. § 309.6(b)(i).

Your proposed topics and the accompanying rationale, which applies to all witnesses without differentiation, is solely focused on alleged improprieties and misconduct in the examination and supervision process that, under your theory of the case, would somehow render the Commissioner's decision arbitrary and capricious. *Touhy* Request at 2-4. Your challenge to the decision is no longer viable, however, and even if there was some conceivable theory under which it can be resurrected, that is no basis to subject a nonparty to the burden of twenty-eight depositions.

4. The requested depositions are inconsistent with the narrow issue in this case.

Even assuming that your challenge to the UDFI's decision to close the Bank as arbitrary or capricious remains viable, that is a narrow inquiry[2] that focuses on the evidence and information before the decision-maker *at the time of the decision*.[3] As explained in the summary

---

[2] *See, e.g., Bowman Transportation v. Arkansas-Best Freight System*, 419 U.S. 281, 285-86 (1974) (citations omitted) ("Under the 'arbitrary and capricious' standard the scope of review is a narrow one. A reviewing court 'must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment...."); *W. Watersheds Project v. Interior Bd. of Land Appeals*, 434 F. Supp. 3d 1257, 1263 (D. Utah 2020) ("This case concerns the narrow issue of whether IBLA's decisions were 'arbitrary, capricious, not supported by substantial evidence, an abuse of discretion, and otherwise not in accordance with law ....' A reasonable person would not conclude that comments allegedly made twenty years ago about a narrow set of political issues are demonstrative of bias towards this case's narrow issue."); *Great Salt Lake Minerals & Chemicals Corp. v. Marsh*, 596 F. Supp. 548, 552 (D. Utah 1984) ("The court's review of the Corps' decision is limited to the narrow question of whether the Corps' action was arbitrary, capricious or an abuse of discretion."); *Davis Walker Corp. v. Blumenthal*, 460 F. Supp. 283, 295 (D.D.C. 1978) ("The scope of review under the arbitrary and capricious standard is narrow."); *TRW Envtl. Safety Sys., Inc. v. United States*, 18 Cl. Ct. 33, 69 (1989) ("The arbitrary and capricious standard is a narrow one.").

[3] *See, e.g., Friends of the Bow v. Thompson*, 124 F.3d 1210, 1217 (10th Cir. 1997) (agency decision approving sale of land was "consistent with the evidence before [the agency] at the time the decision was made."); *Copar Pumice Co., Inc. v. Tidwell*, 603 F.3d 780, 791 n. 3 (10th Cir. 2010) (arbitrary and capricious review of agency decision based on information before agency at time of decision); *Valley Citizens for a Safe Env't v. Aldridge*, 969 F.2d 1315, 1319 (1st Cir. 1992) ("It is settled law that the reasonableness of an agency action is determined in light of the information before the agency at the time of the decision."); *WildEarth Guardians v. U.S. Forest Service*, 828 F. Supp. 2d 1223, 1239 (D. Colo. 2011) ("In determining whether an agency's decision is arbitrary and capricious, the Court reviews the decision in light of the information the agency had before it at the time of the decision."); *Bushman v. State Mut. Life Assur. Co. of Am.*, 915 F. Supp. 945, 951 (N.D. Ill. 1996) ("In determining whether a



**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive, Arlington, VA 22226-3500                                                                                                   Legal Division

judgment opinion, the evidence and information before the Commissioner at the time of the hearing before Judge Morris consisted of a memorandum prepared by UDFI personnel and the 2009 Report of Examination which was co-authored by FDIC examiners and UDFI examiners. Contrary to the statement in your *Touhy* Request, the 2009 examination was led by UDFI (not the FDIC). But regardless of which agency was the lead agency for any particular examination, the teams consist of multiple personnel from the FDIC and UDFI and your Request does not indicate that you have sought and been unable to obtain information about the examination from UDFI, which is a party to the case and co-signatory of the Reports of Examination.

It would be unduly burdensome and not proportionate to the needs of the case for the FDIC, a non-party, to provide dozens of witnesses to testify about a Report of Examination that was prepared by an available party. *See In re Am. Kidney Fund, Inc.*, No. CV TDC-17-1787, 2019 WL 1894248, at *7 (D. Md. Apr. 29, 2019) ("The fact a subpoena seeks discovery material from a non-party that is likely more easily obtained from another source—especially a party to the proceedings—is certainly a factor to be considered when assessing the burden a request imposes."); *In re TQ Delta*, No. CV 17-MC-328-RGA, 2018 WL 5033756, at *2 (D. Del. Oct. 17, 2018) (quashing subpoena on undue burden grounds; "Moreover, many of Defendants' requests are for information that could be acquired from either the Plaintiff itself or publicly available sources."). You have not demonstrated the relevance of any such testimony, good cause or the inability to obtain information from another source and as noted earlier, the examination was of the Bank and the Bank never challenged the findings. I find no basis for the shareholder to challenge that which the entity did not.

- *Previous Reports of Examination*

As demonstrated by the summary judgment opinion, examination reports that pre-dated the 2009 report were not before the decision-maker at the time of the decision. Moreover, examination reports are discussed and shared with bank management and there are statutorily created mechanisms for *the bank* to challenge examination findings. In 1994, Congress created process whereby banks could seek review of material supervisory determinations made by their regulators. *See* 12 U.S.C. § 4806 (Regulatory Appeals Process), codifying section 309(a) of the Riegle Community Development and Regulatory Improvement Act of 1994 (Pub. L. 103-325, 108 Stat. 2160); FDIC SARC Decisions, *available at* https://www.fdic.gov/resources/regulations/appeals-of-material-supervisory-determination/appeals/index.html. (containing over 75 published decisions on SARC appeals by banks around the country). Not only did the Bank never challenge any examination finding, it stipulated to an Order to Cease and Desist in 2008 and to the accuracy of the 2008 Report of Examination. *See In the Matter of America West Bank*, Order to Cease and Desist, *available at* https://www.fdic.gov/bank/individual/enforcement/2008-09-05.pdf. The Bank made a business

---

claim determination was arbitrary and capricious, the court is to focus on the information and evidence before the claim adjudicator at the time of its final decision." (citing *Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375 (7th Cir. 1994))); *W. Sea Fishing Co. v. Locke*, 722 F. Supp. 2d 126, 135 (D. Mass. 2010) (arbitrary & capricious review; "[T]his Court must only consider the information available to the agency at the time it took action.").



**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive, Arlington, VA 22226-3500                                                                    Legal Division

---

decision not to challenge examination findings and to enter into a settlement agreement in lieu of litigation. To the extent your client, a shareholder of the Bank, has any remedy for the business decisions of the Bank, it is against bank management, not the FDIC.[4]

- *"Political Theory"*

Your *Touhy* Request does not cite to a single document produced in discovery, testimony or any other form of potential evidence to support your "political" theory, even though this case has been pending for more than a decade. Among the documents the FDIC authorized for production in this case was the FDIC's failing bank case for America West Bank and the FDIC Board Resolution authorizing the acceptance of the appointment as receiver. FDICAWB0001844-1859 (Board Case) (redacted), ECF 107-2; FDICAWB0001860-1865 (Board Resolution) (redacted), ECF 107-3. Your *Touhy* Request does not acknowledge or address these documents although the documents explain why the Bank was likely to fail and demonstrate that the decision to authorize the acceptance of appointment as receiver, if it was offered, was made by the governing body of the FDIC, its Board of Directors. The FDIC's Board of Directors is a bipartisan body of five individuals nominated by the President and confirmed by the Senate to five year terms. 12 U.S.C. §1812.

5. The Request fails to recognize proportionality.

Consideration of both relevance and proportionality govern third-party discovery in civil litigation. *Alfwear, Inc. v. Kulkote, LLC*, No. 19-cv-0027, 2020 WL 4196446, at *1 (D. Utah, July 21, 2020) (quashing third-party subpoena seeking two years' worth of information from third party's phone records on proportionality and relevance grounds). The importance of proportionality was emphasized in the 2015 amendments to the Federal Rules of Civil Procedure.[5] Your request is bereft of any consideration of proportionality as it seeks the testimony of twenty-eight individuals and alleges they all possess the same information without explaining who they are. Under the *Touhy* Request as formulated, each and every witness is of equal importance and their testimony is sought for the same reasons – making it impossible for the FDIC to meaningfully distinguish between the individuals. *Accord Xmission, LC. v. Adknowledge, Inc.*, No. 15-cv-0277, 2016 WL 3746528, at * 4 (D. Utah July 8, 2016) (quashing third-party subpoena seeking settlement agreements; "The requested discovery is not proportional 'considering the importance of the issues at stake in the action, … the importance of

---

[4] Shareholders often seek to hold corporate managers responsible for forfeiting their rights if they believe the actions of their management caused them harm. *See, e.g., McLaughlin v. Schenk*, 220 P.3d 146, 153 (Utah 2009) (shareholder may pursue action against corporate officers for harms inflicted on corporation); *White v. Panic*, 783 A.2d 543 (Del. 2001) (shareholder derivative suit against managers attempting to challenge settlement approved by board).

[5] The Rule 26 amendments constrain the breadth of discovery by replacing the "reasonably calculated to lead to the discovery of admissible evidence" language with "any matter relevant to the subject matter." Fed. R. Civ. P. 26(b)(1). The scope of discovery is limited to what "is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26 advisory committee notes. The other amendments also emphasized proportionality. *See* Fed. R. Civ. P. 30 - 33.



**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive, Arlington, VA 22226-3500                                                                                              Legal Division

the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'").

### 6. The *Touhy* Request Does Not Differentiate Between FDIC-Corporate and FDIC-Receiver

The FDIC in its corporate capacity (deposit insurer and bank supervisor) and the FDIC as receiver (liquidator) are separate capacities; actions taken or obligations assumed by the FDIC in one capacity are not attributable to the other capacity. *Dababneh v. FDIC*, 971 F.2d 428, 432 (10th Cir. 1992); *see Bullion Servs., Inc. v. Valley State Bank*, 50 F.3d 705, 708-09 (9th Cir. 1995) ("FDIC Corporate and FDIC Receiver perform two different functions and protect wholly different interests," and thus their rights and liabilities are "legally separate."); *Villafane–Neriz v. FDIC*, 75 F.3d 727, 729 n.1 (1st Cir. 1996) (distinguishing "the FDIC as receiver" for a failed institution from the FDIC "[i]n its corporate capacity ... function[ing] as a bank regulator and insurer of bank deposits."); *Timberland Design, Inc. v. First Serv. Bank*, 932 F.2d 46, 48 (1st Cir. 1991) ("The FDIC has two separate roles. As receiver, the FDIC manages the assets of the failed bank on behalf of the bank's creditors and shareholders. In its corporate capacity, the FDIC is responsible for insuring the failed bank's deposits."). Your *Touhy* Request makes no differentiation between the two nor does it allege any actions of FDIC-Receiver are at issue.

### 7. The Four Individuals Identified in the Second Amended Complaint or the Summary Judgment Opinion Do Not Have Any Unique Knowledge.

"The fact a subpoena seeks discovery material from a non-party that is likely more easily obtained from another source—especially a party to the proceedings—is certainly a factor to be considered when assessing the burden a request imposes." *In re Am. Kidney Fund, Inc.*, 2019 WL 1894248, at *7; *In re TQ Delta*, 2018 WL 5033756, at *2 (quashing subpoena on undue burden grounds; "Moreover, many of Defendants' requests are for information that could be acquired from either the Plaintiff itself or publicly available sources."); *accord Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC*, No. 1:12-CV-62, 2013 WL 6734117 (M.D. Ga. Dec. 19, 2013) ("[I]t is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery.").

Two retired FDIC employees are mentioned in the Second Amended Complaint ("SAC"), ECF No. 33: Pat Pittman (¶¶ 29, 38, 46, 63) and Timothy Lacke (¶¶ 55, 60, 65). Two other retired FDIC employees are mentioned in the Summary Judgment Opinion: George Doerr and Scott Fleming. None of these individuals are alleged to have any unique, relevant information.

Mr. Doerr is identified as the co-author of a May 16, 2008 letter to the Bank enclosing the 2008 Report of Examination and summarizing its contents. SJ Op. at *2, 2020 WL 1644230; ECF 50-13. The letter was a joint letter signed by Commissioner Leary, a defendant in the case. Plaintiff does not assert that Mr. Doerr has any unique knowledge about the letter or that it is unable to question Mr. Leary about the letter.



**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive, Arlington, VA 22226-3500      Legal Division

    The same is true of the 2008 examination report; it is co-authored and signed by Mr. Pittman and Tyson Sill, who were employed by UDFI at the time. ECF 50-1. UDFI is a defendant in the case. Plaintiff does not assert that Mr. Pittman has any unique knowledge about the report or that it is unable to question Mr. Sill about the 2008 examination.[6]

    Mr. Fleming is listed as an attendee at the hearing before Judge Morris. SJ Op. at *6, 2020 WL 1644230. Mr. Fleming was not a witness—Mr. Leary was the only witness—and numerous UDFI employees were present at the hearing. *Id.* Even assuming, *arguendo*, that Mr. Fleming would have any recollection of the substance of a hearing he observed twelve years ago, plaintiff does not assert that he has any unique knowledge or that it cannot obtain information from any of the party attendees at the hearing.

    In the context of the 2008 examination, the SAC alleges that Mr. Durbano had conversations with Mr. Lacke from the FDIC and two UDFI employees (Tom Bay and Sean Berrett). SAC ¶ 55. Plaintiff does not assert that Mr. Lacke has any unique knowledge regarding these conversations or that it cannot question any of the UDFI employees allegedly privy to the conversation.

    Based on the above, I find that you have not established a basis to depose these individuals.

### Conclusion

    Your *Touhy* Request for the deposition testimony of twenty-eight current or former FDIC witnesses is denied. Please be advised that pursuant to 5 U.S.C. § 552(a)(4)(B) and (a)(4)(A)(vii), you may seek judicial review of the FDIC's final determination.

                                    Sincerely,

                                    Barbara Katron
                                  Senior Counsel

---

[6] As noted above, the Bank did not challenge the report and, indeed, stipulated to its accuracy.